# IN THE UNITED STATES BANKRUPCTY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | / | CASE NO. 10-000120 (ESL) |
| | | ADV NO. 10-155 |
| RICARDO A. SANTIAGO SOLDEVILA | / | CHAPTER 13 |
| OLGA D. TRISTANI SERRANO | / | |
| Debtor Plaintiff | | ADVERSARY |
| VS. | / | COMPLAINT TO DETERMINE |
| | | WILLFULL VIOLATION OF |
| INDUSTRIES FEDERAL CREDIT | / | AUTOMATIC STAY AND |
| UNION, JOSÉ R. CARRION MORALES | | DAMAGES |
| CHAPTER 13, TRUSTEE | / | |
| Defendant-Respondent | / | |

====================================

## NATIONAL CREDIT UNION ADMINISTRATION BOARDS REPLY TO MOTION TO QUASH DEFENDANTS REQUEST FOR ORDER OF DEFAULT JUDGMENT

**TO THE HONORABLE COURT:**

COMES now the National Credit Union Administration Board, as liquidating agent for Industries Federal Credit Union through it´s undersigned counsel and very respectfully states and prays as follows:

1) On January 11, 2011, Plaintiff in the present adversary proceeding filed a Motion to Quash Defendants Request for Order of Default Judgment, alleging that the stay imposed on liquidated Federal Credit Unions under 12 USC 1787 (12) (A) is inapplicable to the present case as it is only applicable to state proceedings.
2) Nothing could be further from the truth as 12 USC s. 1787 (12) (A) states that:

(12) Suspension of legal actions:

(A) In general-After the appointment of a conservator of liquidating agent for a insured credit union, the conservator or liquidating agent may request a stay for a period not to exceed-
(i)     45 days in the case of any conservator, and
(ii)    90 days in the case of any liquidating agents,

In any judicial action or proceeding to which such credit union is or becomes a party.

3) Furthermore, 12 USC s.1787 (12) (B) states that:

(B) Grant of stay by all courts required- upon receipt of a request by any conservator or liquidating agent present to subparagraph (a) for a stay of any judicial action or proceeding in any convert with jurisdiction of such action o proceeding , the court shall grant stay as us to all parties.

4) In the present case, this is a core proceeding arising under 28 USC S. 1334 and 1337 and therefore a bankruptcy court would be the court with jurisdiction in the present case. Therefore the stay provided by 12 s. 1787(12) (A) is in effect.

5) Even though Industries Federal Credit Union was granted an additional term to answer the complaint filed against it, it being liquidated by the NCUA and the imposition of the stay under 12 USC s. 1787 (12)(A), the NCUA, as liquidating agent did not have to file an answer to the complaint until the period of the stay is terminated.

6) The purpose of the stay of 12 USC s. 1787 (12) (A) is that parties with claims against a liquidated credit union should exhaust administrative procedures to seek payment of their claim. The NCUA has sent both plaintiffs and their attorneys the adequate documentation in order for them file their claim under 12 USC s. 1787 (b).

7) The statute governing the NCUA's claims process is in substance identical to that governing claims against the FDIC, as both agencies share a similar nature. In USC S. 1787 1821 (d), the 1st Circuit of Appeals has found that failure to exhaust administrative remedies, such as the FDIC's claims remedy is fatal to a district court's subject matter jurisdiction over claims against the FDIC. Federal Deposit Insurance Cor. Vs. Kane, 148 F.3d 36 (1st Cir. 1998).

8) Therefore, before this Honorable Court of equity has jurisdiction over the NCUA as liquidating agent for Industries Federal Credit Union, the Plaintiff must exhaust the administrative procedure for claims stated in 12 USC s. 1787.

9) Additionally, being the NCUA an agency of the United States government, it is subject to the Federal Torts Claims Act, 28 USC s. 2671, et seq, In Re Bumpus, 226 B.R. 724 (1st Cir.1998). Therefore punitive damages cannot be requested and only real damages can be granted.

10) When Congress wrote and passed the National Credit Union Act, it sought to ensure that all claims undergo the administrative claims process, thus the language of "Grant of stay by all courts required."

**WHEREFORE**, the NCUA as liquidating agent for Industries Federal Credit Union respectfully requests of this Honorable Court to deny Plaintiffs Motion to Quash Defendants Request of Stay of Proceedings and Request for Order of Default Judgments since 12 USC s.1787 (12) (B) is clear in its language that a grant of stay by all courts is required as to claims against a liquidated federal credit union. Furthermore, this Honorable Court should take notice that the Plaintiffs have not exhausted the administrative remedies of the National Credit Union Administration act in order to recover their claim, which if not utilized, are fatal as to the jurisdiction of this Honorable Court.

Notice, unless a party in interest files an objection here to within fourteen days (14) from the date of this notice, this motion may be deemed granted.

I hereby **CERTIFY** that I have filed this motion through the cma/ecf filing system which will be send copy of this motion to José M. Prieto Carballo, esq, and José Ramón Carrión Morales, Chapter 13, Trustee.

In Mayagüez, Puerto Rico, this January 13th,, 2011.

SANTOS & NIEVES BLAS
S/E MYRTA ESTRELLA NIEVES BLAS (21301)
Counsel for the NCUA
PO BOX 1809
MAYAGUEZ, PUERTO RICO  00681-1809